UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VICTOR KEEYLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-02395-JPH-DLP |
| ) | |
| PAUL TALBOT, ) | |
| CORIZON MEDICAL SERVICES, ) | |
| WEXFORD OF INDIANA, LLC, ) | |
| JERRY GILLEY, ) | |
| CAROLYN MYERS, ) | |
| SAMANTHA ALBERSON, ) | |
| Mrs. LAFLOWERS, ) | |
| DANIELLE THOMPSON, ) | |
| REBECCA DAVIS, ) | |
| JONATHAN GRIMES, ) | |
| ) | |
| Defendants. ) | |

**Order Granting Second Motion to Consolidate Cases**

Defendants, Paul Talbot, M.D., Wexford of Indiana, LLC, Rebecca Davis, RN, Michelle LaFlower, RN, Danielle R. Thompson, RN, and Johnathon Grimes, LPN (collectively, "Wexford Defendants") seek to consolidate this case with case number 1:19-cv-04490-JMS-TAB. The other defendants named in this and the other relevant case do not object to consolidation. Plaintiff Victor Keeylen, however, does object to the consolidation of these cases. For the reasons explained below, the motion for consolidation of this action with case number 1:19-cv-04490-JMS-TAB, dkt 252, is **granted.**

Federal Rules of Civil Procedure Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: . . . (2) consolidate the actions . . . ."

1

Mr. Keeylen currently has two cases pending before this Court that involve the same allegations of deliberate indifference to his serious medical needs between March 2017 and late 2018.

In this case, the Second Amended Complaint alleges that Mr. Keeylen's Eighth Amendment rights have been violated while an inmate at Pendleton Correctional Facility. Dkt. 245. Mr. Keeylen alleges that from March 2017 through late 2018, he was denied effective treatment for his MRSA which caused unnecessary suffering. His claims are brought pursuant to 42 U.S.C. § 1983. He seeks money damages and injunctive relief, specifically an order directing the defendants to send him to an outside specialist and to then follow the specialist's recommendations. The June 30, 2020, Entry Screening Second Amended Complaint and Directing Further Proceedings summarized the claims against each of the ten defendants:

- Dr. Talbot is allegedly liable for delaying or denying effective treatment for Mr. Keeylen's MRSA. In particular, Dr. Talbot allegedly repeatedly prescribed medications that the plaintiff is allergic to [and] has a resistance to despite other doctors' orders that these medications be discontinued. As a result, the plaintiff has suffered severe skin damage.

- Officer Myers allegedly refused to provide Mr. Keeylen with decontaminated items from the laundry which left him with soiled bedding and clothing for months.

- Mrs. Albertson failed to properly quarantine other inmates with MRSA, which led to the plaintiff contracting MRSA. She also allegedly failed to immediately seek medical care for the plaintiff.

- Captain Gilley allegedly refused to respond to the plaintiff's requests for medical care and instructed other correctional officers to stop seeking medical assistance for the plaintiff.

- Corizon Medical Services and Wexford of Indiana, LLC, are allegedly liable to the plaintiff because they failed to hire enough medical providers to provide appropriate care. In addition, their wait list policies allegedly resulted in the plaintiff receiving delayed treatment and improper care. Finally, the plaintiff states that Corizon and Wexford hired Dr. Talbot knowing that he would provide deficient medical care in an effort to save money.

- Nurse D. Thompson and Nurse R. Davis allegedly failed to properly treat the infection on plaintiff's right ear and lower right leg that developed in September 2018. As a result, the infection spread.

- Mrs. M. LaFlowers allegedly failed to authorize necessary treatment and failed to intervene to procure proper care on the plaintiff's behalf.

- Mr. J. Grimes allegedly delayed and provided ineffective treatment or no treatment at all for the plaintiff's MRSA as the ICC (Infectious Disease Control Specialist). At the defendants' request, dkt. 222, the plaintiff filed a more definite statement of his claim against Mr. Grimes. The plaintiff alleges that Mr. Grimes was the infectious disease control specialist at Pendleton Correctional Facility between January 1, 2017, and April 25, 2018, and during this time he failed to properly arrange for care of the plaintiff's MRSA. Dkt. 224.

Dkt. 245 at p. 2.

Meanwhile, the complaint in *Keeylen v. LaFlowers, et al.,* 1:19-cv-4490-JMS-TAB, alleges that Dr. Talbot, Ms. LaFlowers, C. Myers, and D. Plumber failed to comply with a dermatologist's orders issued May 3, 2018, to wash Mr. Keeylen's clothing separately with hypoallergenic detergent due to possible chronic contact dermatitis. Dkt. 2. In addition, Dr. Talbot allegedly failed to provide any medical treatment for Mr. Keeylen's allergic reactions. The defendants are allegedly liable under the Eighth Amendment because they are deliberately indifferent to Mr. Keeylen's serious medical need to avoid contact with an allergen. Dkt. 11 (Screening Order) and dkt. 19 (reinstating defendant Plumber).

Federal Rule of Civil Procedure 42(a) permits courts to consolidate actions which "involve a common question of law or fact." The Wexford Defendants argue that both of plaintiff's cases allege an Eighth Amendment violation during overlapping points in time. Mr. Keeylen's pending claims relate to his alleged skin conditions and purported allergies in 2017 and 2018. In addition, both actions involve alleged allergies to medications and the processing of laundry, and also involve Mr. Keeylen's assessments by dermatologist, Dr. Martin, and his recommended course of treatment. Dkt. 252 at p. 3. Mr. Keeylen has reportedly been diagnosed with both MRSA and Eczema, and was assessed by Dr. Martin in 2018 for various skin conditions.

Further, there is a considerable overlap in the named defendants, as Dr. Talbot, Michelle LaFlower, and Carolyn Myers are named defendants in both lawsuits. The only defendant named in case number 1:19-cv-04490-JMS-TAB who is not currently named in this action is Dale Plumber, who allegedly had some involvement in handling Mr. Keeylen's laundry. In both cases, the legal claim at issue is whether the defendants were deliberate indifference to Mr. Keeylen's serious medical needs in violation of the Eighth Amendment.

The Wexford defendants argue that Mr. Keeylen cannot differentiate the two pending actions by trying to separate the claim related to MRSA and resistance to medication from his concerns related to allergies to laundry detergent. This is because Mr. Keeylen's skin conditions have been treated at the same time. For example, Mr. Keeylen was seen and assessed by Dr. Martin in 2018 to assess Mr. Keeylen's various skin conditions—not to address MRSA, Eczema, or a laundry detergent allergy in isolation. Accordingly, there will be a significant overlap of evidence if the two cases are allowed to proceed independently. Specifically, Mr. Keeylen's various assessments by Dr. Martin will be used in both cases, as will the various assessments by Pendleton Correctional Facility medical staff in 2018. Dkt 252 at p. 4.

In response, Mr. Keeylen argues that he has never had Eczema and that the events in this case "superceeded" the events case number 1:19-cv-04490-JMS-TAB. Mr. Keeylen states that the only issue in case number 1:19-cv-04490-JMS-TAB is laundry detergent and not any medications. Dkt. 252 at p. 3. In addition, he believes that the defendants are simply seeking to "cut any settlement costs." *Id.* at p. 5.

After considering the parties arguments, this Court finds that judicial economy will be promoted by the consolidation of this case with case number 1:19-cv-04490-JMS-TAB. Both lawsuits concern common questions of law and fact. In addition, despite Mr. Keeylen's assertions

4

to the contrary, it appears that both cases will have significant overlap in evidence. Dr. Martin's assessments and treatment orders for Mr. Keeylen's skin conditions are relevant to both cases. While Mr. Keeylen may like to present his claims for relief as unrelated, the Wexford defendants have made clear that the evidence they will rely on to defend against liability will overlap.

The Court therefore orders the consolidation of this case with case number 1:19-cv-04490-JMS-TAB for all purposes, including trial in order to avoid unnecessary cost and delay, and to make a more efficient use of judicial resources. The cases will proceed under the first filed case, *Keeylen v. Talbot, et al.*, 1:18-cv-2395-JPH-DLP.

## II. Further Proceedings

To effectuate the consolidation of cases, the following steps shall be taken:

1. The second motion for consolidation, dkt 252, is **granted.**

2. The **clerk is directed** to docket a copy of this Entry in case number 1:19-cv-04490-JMS-TAB and **close** that case on the docket. No judgment is necessary under these circumstances.

3. The parties shall make all future filings in case number 1:18-cv-2395-JPH-DLP, and no further filings shall be made in case number 1:19-cv-4490-JMS-TAB.

4. The **clerk is directed** to add Dale Plumber to the docket in this case as a defendant. Counsel for this newly added defendant shall enter their appearance in this case, 1:18-cv-2395-JPH-DLP, **within 7 days** of the date this Entry is docketed.

**SO ORDERED.**

Date: 10/9/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

VICTOR KEEYLEN
950970
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Christopher Andrew Farrington
BLEEKE DILLON CRANDALL ATTORNEYS
drew@bleekedilloncrandall.com

Brandon Alan Skates
INDIANA ATTORNEY GENERAL
brandon.skates@atg.in.gov

Samantha May Sumcad
INDIANA ATTORNEY GENERAL
samantha.sumcad@atg.in.gov

Jarod Zimmerman
KATZ  KORIN CUNNINGHAM, P.C.
jzimmerman@kkclegal.com